CERTIFICATION OF QUESTION OF LAW
PER CURIAM.
As authorized by Section 25 of Article VII of the Louisiana Constitution of 1921 and by LSA-R.S. 13:4449, and in compliance with Rule 12, Section 4, of the Supreme Court, 8 LSA-R.S., this court does herewith apply to the Honorable, the Supreme Court of Louisiana, for instructions on a question of law arising in the above-captioned proceedings.
FACTS.
This is a suit wherein the plaintiffs, as qualified electors, and residents of the City of Opelousas, Parish of St. Landry, seek to attack the validity of a trust indenture which created a public trust pursuant to Act 135 of 1970, LSA-R.S. 9:2341 et seq. The defendants are the trustees of the Opelousas General Hospital Authority, a Public Trust, and Hospital Service District No. 2, in St. Landry Parish, Louisiana.
In 1970, the Louisiana Legislature passed a new “Public Trust” act, LSA-R.S. 9:2341 et seq. The purpose of this act appears to be to allow the creation of public trusts which have the state or some political subdivision or agency thereof, as the beneficiary of the trust.
LSA-R.S. 9:2341 provides in part:
“Express trusts may be created in real or personal property, or either or both, or in any estate or interest in either or both, with the state, or any parish, municipality, political or governmental subdivision, or governmental agency or instrumentality of the state as the beneficiary thereof, and the purpose thereof may be the furtherance, or the providing of funds for the furtherance, of any authorized or proper function of the beneficiary.”
The Hospital Service District No. 2, St. Landry Parish, Louisiana, was created by the Police Jury of that parish as a political subdivision thereof. This Hospital Service District is the beneficiary named in the Trust Indenture creating the Opelousas General Hospital Authority as a public trust. The trust proposes to issue revenue bonds for the purpose of financing hospital *522 construction in Hospital Service District No. 2. The trust instrument itself expressly authorizes the trustees to issue bonds and to secure mortgages and incur other indebtedness for this purpose.
Article XIV, Section 14, of the Louisiana Constitution of 1921, authorizes Police Juries to create Hospital Service Districts which shall be subdivisions of the state and subject to all constitutional and statutory provisions relating to the authorization and issuance of bonds. In the instant case, it is argued that the Opelousas General Hospital Authority is not a political subdivision of the state, but a Public Trust, and hence, is not subject to these constitutional and statutory provisions regulating the issuance of revenue bonds.
It is provided in LSA-R.S. 39:501 that:
“Except as otherwise provided in special cases, no subdivision may incur any debt, issue any bonds, levy any special tax, or assume any indebtedness unless it has been authorized by vote of a majority in number and amount of the property taxpayers qualified to vote under the constitution and laws of this state who vote at an election hereunder. * * * ” (Emphasis added).
Proceeding under the assumption that the public trust was not subject to this provision, the Trust Indenture stated that:
“To accomplish the purposes of the Trust, * * * the following rights, powers, duties, authority, discretion and privileges, all of which may be exercised by them without any order or authority from any court or governmental body or agency * * *.
“(4) To enter into contracts for the sale of bonds, notes or other evidences of indebtedness or obligations of the Trust * * *.”
In addition to the question of whether the Public Trust involved herein with the Hospital Service District No. 2 as its beneficiary can validly issue revenue bonds without a vote of the electorate, another question is presented in these proceedings. The plaintiffs contend that if the Public Trust is held valid, then its authority to issue revenue bonds is subject to the control and approval of the Louisiana State Bond and Tax Commission (LSA-R.S. 47:1801 et seq.). A reading of LSA-R.S. 47:1803 provides a detailed listing of those political subdivisions to which the authority of the commission is applicable. That statute reads as follows:
“Hereafter, no parish, municipality, public board, political or public corporation, subdivision, or taxing district, and no road or subroad district, school district, sewerage district, drainage or sub-drainage district, levee district, waterworks or subwater-works district, irrigation district, road lighting district, harbor and terminal district, or any other political subdivision, taxing district, political or public corporation, created under or by the constitution and laws of the state shall have authority to borrow money, incur debt, or to issue bonds, or other evidences of debt, or to levy taxes, or to pledge uncollected taxes, or revenues for the payment thereof, where they are authorized by the constitution or laws of the state so to do, without the consent and approval of the board. * * * ”
It is contended that the Trust alone is incurring the debt therein, and that since the Public Trust is not specifically named in this statute, and since the Hospital Service District No. 2 is not incurring any debt, then the provisions of this regulatory statute do not apply and the issuance of bonds by the Public Trust are not subject to approval of the State Bond and Tax Commission. LSA-R.S. 9:2344 in defining the status of the trust or trustees under this new act states in part:
“The trustee, or trustees, under such an instrument shall be an agency of the state and the regularly constituted authority of the beneficiary for the performance of the functions for which the *523 trust shall have been created. No trustee or beneficiary shall be charged personally with any liability whatsoever by reason of any act or omission committed or suffered in the performance of such trust or in the operation of the trust property, but any act, liability for any omission or obligation of a trustee or trustees in the execution of such trust, or in the operation of the trust property, shall extend to the whole of the trust estate, or so much thereof as may be necessary to discharge such liability or obligation, and not otherwise.”.
The trial court held that the trust instrument involved here gives the trustee the power to issue revenue bonds and that this power is neither ultra vires nor unconstitutional. The court further held that since the Hospital District No. 2 is a subdivision of the state, and since Article V, Section 16, of the Constitution of 1921, allows for the “creation of express trusts for any purpose”, then the Hospital Service District No. 2 can be a beneficiary of this Public Trust. The court further held that since the listing of LSA-R.S. 47:1801 et seq. does not include Public Trusts, and since the trust is incurring the indebtedness, then the authority to issue the bonds is not subject to the control and approval of the Louisiana State Bond and Tax Commission. The court additionally held that no referendum was needed to approve the bonds proposed to be offered by the Public Trust and the issuance of these bonds will not constitute any clear and present danger or threat to the revenue bond market.
Under the unique circumstances of this case, and in view of the fact that the entire question of public trust is res nova in Louisiana, we are exercising our constitutional authority to certify the question of law herein raised to the Supreme Court to secure a more expeditious and final determination thereof.
The questions upon which we desire instruction are these:
I.
Is the power to issue revenue bonds, conferred upon the trustee by the Trust Indenture, an ultra vires or unconstitutional power?
II.
Can the Hospital Service District No. 2, St. Landry Parish, Louisiana, be a beneficiary to the Public Trust involved herein?
III.
If the Opelousas General Hospital Authority or its trustees can validly issue revenue bonds, is their authority to do so subject to the control and approval of the Louisiana State Bond and Tax Commission ; and
IV.
Can such revenue bonds be issued by the trust without an authorization by a majority of the electorate qualified to vote in the Hospital Service District No. 2?